UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE KLINE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KATHERINE ARCHULETA, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No. 14-1498 (RCL) |

## MEMORANDUM AND ORDER

Before the Court is Ms. Kline's amended motion [28] to amend or correct the judgment of this Court's April 14, 2015 Memorandum Opinion ("Mem. Op.") [26] and for a new trial.[1] The Court considers her motion under Federal Rules of Civil Procedure 59(e), 60(b),[2] and 52(b). Also before the Court is defendant's opposition [29], and Ms. Kline's reply [31, 33] thereto.

### I.   LEGAL STANDARDS

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). Such motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quotation marks and citation omitted). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise new arguments or present evidence

---

[1] While the motion is docketed as a request for a new trial, Ms. Kline does not seem to request one. To the extent that Ms. Kline may be seeking a new trial, it must be denied because there was no trial and will be no new trial.

[2] Ms. Kline, proceeding *pro se* in this matter, does not explicitly mention Rule 60(b), but in an abundance of caution the Court considers whether she has set forth grounds for relief from judgment under Rule 60(b).

that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). As this Court has noted, motions to amend a judgment under Rule 59(e) are disfavored and should be granted only in extraordinary circumstances. *Liberty Prop. Trust v. Republic Props. Corp.*, 570 F. Supp. 2d 95, 97-98 (D.D.C. 2008) (citing *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).

The standards governing Rule 60(b) are even more restrictive. *See United States v. Pollard*, 290 F. Supp. 2d 153, 156–58 (D.D.C. 2003). Indeed, "in most cases, the bar stands even higher for a party to prevail on a Rule 60(b) motion for relief from judgment" than on a Rule 59(e) motion. *Uberoi v. Equal Emp't Opportunity Comm'n*, 271 F. Supp. 2d 1, 2 (D.D.C. 2002). To the extent that a party cannot demonstrate one of the specific situations enumerated in subsections (1)-(5) of Rule 60(b), the catch-all clause in Rule 60(b)(6) permits relief from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6), however, applies only to extraordinary situations and should be sparingly used. *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (citations omitted); *see also Pollard*, 290 F. Supp. 2d at 157.

The Court does not believe that Rule 52(e) is applicable, as that Rule permits amendment of findings and conclusions by the court that are promulgated during "actions tried on the facts without a jury or with an advisory jury." The court does not make such findings on a motion for summary judgment, and therefore this particular rule is likely inapposite. *See DeLong Corp. v. Raymond Int'l, Inc.*, 622 F.2d 1135, 1139 (3d Cir. 1980) overruled on other grounds by *Croker v. Boeing Co. (Vertol Div.)*, 662 F.2d 975 (3d Cir. 1981) (finding that because "a district court does not engage in fact-finding, within the meaning of Rule 52, on a motion for summary judgment," a 52(b) motion "is not appropriate after its consideration of a motion for summary judgment");

*Carter v. Porter*, No. 5:08-CV-246-REW, 2012 WL 298479, at *1 n.2 (E.D. Ky. Feb. 1, 2012) (finding Rule 52 inapplicable to summary judgment because such a decision "does not produce . . . true factual findings in the sense of weighing competing evidence"); *Wideman v. Colorado*, No. 09-cv-00095, 2010 WL 749835, at *2 (D. Colo. 2010) ("Rule 52(b) applies to findings of fact and conclusions of law entered after a non-jury trial and this rule is inapplicable to judgments entered under [Rule] 56.").

Notably, the defendant does not protest the application of Rule 52(b), and at any rate, the standard under Rule 52(b) is similar: It "permits the trial court to correct manifest errors of law or fact, make additional findings or take other action that is in the interests of justice." *Bigwood v. Def. Intelligence Agency*, 770 F. Supp. 2d 315, 318 (D.D.C. 2011) (citing *Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*, 1997 WL 243223, at *2 (D.D.C. May 7, 1997)); *see also Material Supply Int'l, Inc.* 1997 WL 243223, at *2 (explaining that, under Rule 52(b), the moving party "bears a heavy burden in seeking to demonstrate clear error or manifest injustice in amending the judgment"); *Salazar v. District of Columbia*, 685 F. Supp. 2d 72, 75 (D.D.C. 2010) (noting that Rule 52(b) does not provide a party with a "second opportunity to litigate a point, to present evidence that was available but not previously offered, or to advance new theories by moving to amend a particular finding of fact or conclusion of law").

## II. ANALYSIS

The Court generally understands Ms. Kline to have several main arguments: (1) that the prior Memorandum Opinion and Order misidentify the claims at issue in the instant case, and (2) that the Order contains various manifest errors of law and fact. At the heart of this matter is the simple fact that—regardless of what Ms. Kline wishes she were litigating in this case—the claim accepted for processing at the administrative level was whether she was discriminated against

when "From October 17, 2006 to December 21, 2006, she was not assigned primary responsibility for performing the regulatory work assignments in the Publications Management Group." ECF No. 13-3 at 2. Because it is undisputed that Ms. Kline failed to apply for the advertised position with this responsibility, no amount of additional discovery, artful pleading, or reconsideration could permit her to avoid dismissal of her case. As such, it was appropriate for the Court to deny Ms. Kline's motion to amend her complaint on the grounds of futility. Furthermore, by setting forth fourteen arguments that Ms. Kline believes constitute "manifest errors of law and fact," she simply seeks to re-litigate issues that the Court decided at summary judgment. There would be no benefit to again responding specifically to arguments the Court previously considered and decided.

Nonetheless, the Court wishes to correct an error in its prior Opinion. Ms. Kline correctly points out that the Court erred when it noted that Ms. Kline failed to apply for the GS-13 position advertised in 2008. The error is not material to the instant case, but could be important in the future, as Ms. Kline has another case pending before the EEOC regarding her non-selection for that position.

### III. CONCLUSION

For the aforementioned reasons, plaintiff's amended motion [28] to amend or alter judgment or for new trial is GRANTED in part to reflect that Ms. Kline did not apply for the GS-13 position advertised in 2008; the motion is otherwise DENIED.

Signed April 30, 2015 by Royce C. Lamberth, United States District Judge.